**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MELISSA BAKER,<br><br>                        Plaintiff,<br><br>                        v.<br><br>NEW JERSEY DIVISION OF CHILD<br>PROTECTION AND PERMANENCY *et al.*,<br><br>                        Defendants. | Civil Action No. 21-16315 (MAS) (DEA)<br><br>**MEMORANDUM OPINION** |

This matter comes before the Court on the *in forma pauperis* Application ("IFP Application") of pro se Plaintiff Melissa Baker ("Baker") to proceed without prepayment of fees under 28 U.S.C. § 1915. (IFP Appl., ECF No. 6.)

**I.    BACKGROUND**

Baker's Complaint appears to arise from a child custody dispute currently pending in New Jersey Superior Court and involving the New Jersey Division of Child Protection and Permanency (the "Division"). (*See generally* Compl., ECF No. 1.) In addition to the Division, Baker's Complaint names as Defendants the Honorable Timothy P. Lydon ("Judge Lydon"), Samuel Fillman ("Fillman"), and Aqilah Mascall ("Mascall"). (Compl. *2-3.)[1] As to the allegations, the Complaint asserts that Judge Lydon and the Division discriminated against Baker, a Black Marylander, based on her race and out-of-state residency. (*See* Compl. Ex. 1, ECF No. 1-2.) As

---

[1] Pin-cites preceded by an asterisk indicate the pagination atop the CM/ECF header.

examples, Baker's Complaint offers that Judge Lydon discriminatorily delayed Baker's child custody case and commented on "incidents that happened in [Baker's] teenage years." (*Id.*) Baker's Complaint further alleges that she reported improper behavior of certain Division case workers, which resulted in negative parenting evaluations and other retaliation. (*See id.*) It does not specifically allege any conduct by Fillman or Mascall.

Baker's Complaint also does not specifically allege any causes of action. In the section titled "Basis for Jurisdiction," the Complaint appears to invoke 42 U.S.C. § 1983 and also broadly asserts "civil rights under 28 USC 2201 and 2202." (Compl. *3.) In any event, Baker's Complaint seeks "compensation for the emotional pain and suffering" and dismissal of the underlying child custody case pending before Judge Lydon. (*Id.* at *5.)

## II. LEGAL STANDARD

Congress designed the *in forma pauperis* statute, 28 U.S.C. § 1915, to "ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (citation omitted). To protect against abusive applications, Congress also authorized dismissal if a district court finds an *in forma pauperis* complaint to be frivolous or malicious, or to fail to state a claim for relief. *Deutsch v. United States*, 67 F.3d 1080, 1084 (3d Cir. 1995); 28 U.S.C. § 1915(e)(2)(B). "In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of [the p]laintiff." *Abdul-Mateen v. Fed. Bureau of Prisons*, No. 11-4715, 2012 WL 2087451, at *1 (D.N.J. June 8, 2012) (citations omitted).

## III. DISCUSSION

### A. The Court Grants Plaintiff's IFP Application.

The Court must carefully review Baker's IFP Application and "if convinced that [the applicant] is unable to pay the court costs and filing fees, the [C]ourt will grant leave to proceed [IFP]." *Douris v. Middletown Township*, 293 F. App'x 130, 132 (3d Cir. 2008). Here, in support

of her IFP Application, Baker submitted a statement of her assets, income, and expenses. (*See generally* IFP Appl.) The IFP Application is complete and indicates that Baker is unemployed due to the COVID-19 pandemic and has no monthly income. (*Id.* at 1-2, 4-5.) The Court, accordingly, finds that Plaintiff has established indigence and grants the IFP Application.

      **B.**      **The Court Dismisses Baker's Complaint.**

The Court next screens the Complaint to determine whether it should be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B). The Court notes that Baker's Complaint neither asserts clear causes of action nor specifies unconstitutional conduct committed by Defendants. Liberally construing the Complaint, the Court assumes the Complaint is alleging a cause of action under 42 U.S.C. § 1983. With that construction set, the Court concludes that it must dismiss the Complaint for seeking relief from immune Defendants and failing to state a claim.

Turning to the relevant immunity doctrines, immunity extends to both the Division and Judge Lydon. *See* 28 U.S.C. § 1915(e)(2)(B)(iii). Regarding the Division, the Eleventh Amendment bars suits in federal court against state agencies that are arms of the state. *See Fam. C.L. Union v. New Jersey*, 386 F. Supp. 3d 411, 444 (D.N.J. 2019). "New Jersey courts have long held that the [Division] is, 'beyond dispute,' an 'arm of the state' for purposes of sovereign immunity." *Daisey v. N.J. Div. of Child Prot. & Permanency*, No. 15-8091, 2016 WL 3512068, at *4 (D.N.J. June 27, 2016) (quoting *Izquierdo v. New Jersey*, No. 12-7298, 2014 WL 234186, at *2 (D.N.J. Jan. 21, 2014)) (listing cases). To be sure, Baker's Complaint alleges nothing in the way of specifics that could lead the Court to conclude that the Division acted outside its official functions at the State's behest. For similar reasons, the Court determines that both the Eleventh Amendment and judicial immunity shield Judge Lydon from suit. *See Dongon v. Banar*, 363 F. App'x 153, 156 (3d Cir. 2010) (Eleventh Amendment); *Gallas v. Supreme Ct. of Pa.*, 211 F.3d

760, 768 (3d Cir. 2000) (judicial immunity). Baker's Complaint does not allege any facts allowing the Court to plausibly infer that Judge Lydon acted outside his official capacity or jurisdiction.

The Court also dismisses Baker's Complaint for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Complaint does not allege any facts related to Defendants Fillman or Mascall. Regarding the Division and Judge Lydon, to the extent the Complaint attempts to allege a claim of discrimination, the Court is unable to ascertain what that discrimination was. The Complaint does not allege any facially discriminatory conduct committed by Judge Lydon. Nor does it explain how Baker's status as a Black out-of-stater negatively contributed to her child custody case. It also does not explain how Baker has suffered compensable injuries as a result of Defendants' conduct. Because the Court will allow Baker an opportunity to amend, the Court emphasizes that she should specifically plead plausible causes of action and specify conduct regarding each Defendant.

## IV. <u>CONCLUSION</u>

For the reasons set forth above, the Court grants Plaintiff's IFP Application and dismisses Baker's Complaint. The Court will issue an order consistent with this Memorandum Opinion.

                                                /s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE